IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **IBEW-NECA LOCAL 505 Pension and Welfare Plans; Charles S. Belk, Charles Freeman; J. Larry Smith; Donald Adams; Fred Moore and Terry Adams,** )  )  )  )  | |
| Plaintiffs, ) | |
| v.  ) | CIVIL ACTION  06-0455-KD-M |
| **EDMOND H. SMITH, III and LINDA DiANN SMITH** ) ) | |
| Defendants.  ) | |

## ORDER

This matter is before the court on plaintiffs' IBEW-NECA Local 505 Pension and Welfare Plans, Charles S. Belk, Charles Freeman, J. Larry Smith, Donald Adams, Fred Moore, and Terry Adams, in their official capacity as Trustees, motion for summary judgment against defendant, Edmond H. Smith, III, individually (doc. 38).[1]  Upon consideration, the motion for summary judgment is **DENIED**.

I.   Background

Plaintiffs seek to pierce the corporate veil and obtain a declaration from the court finding that defendant Edmond H. Smith, III, is individually liable for benefit contributions, fees and

---

[1] A default judgment was entered against defendant Linda DiAnn Smith on January 4, 2008 in the amount of $72,399.64.  (Doc. 24)  A third named defendant, Linda Michelle Smith Ethridge, was dismissed from this action on the joint stipulation of the parties, filed on July 10, 2007.  (Doc. 21)

costs owed by E.H. Smith Electrical Contractors, Inc., to the Plaintiff Plans. [2] Defendant Smith, who is proceeding *pro se* in this action, failed to respond to the plaintiffs' motion for summary judgment. [3]

II.     Summary Judgment Standard

Summary judgment should be granted only if "there is no genuine issue as to any material fact and [ ] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©.[4] The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The party seeking summary judgment always bears the "initial responsibility of informing the district court

---

[2] In 2003 plaintiffs obtained two separate default judgments against E.H. Smith Electrical Contractors, Inc. based on the corporation's failure to make the required contributions to the pension plans. Plaintiffs now seek to enforce these judgments against Edmond Smith, III, individually, on the grounds, in sum, that Smith was the sole proprietor of the electrical business and an injustice will be done if the corporate veil is not pierced.

[3] The Court recognizes that the plaintiff is proceeding without counsel. However, "both the Supreme Court and [the Eleventh Circuit] have concluded that a defendant's pro se status in civil litigation generally will not excuse mistakes he makes regarding procedural rules." Nelson v. Barden, 145 Fed. Appx. 303, 311 n.10 (11th Cir. 2005); accord Local Rule 83.9 ("All litigants proceeding pro se shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil ... Procedure, unless otherwise excused from operation of the rules by court order."). Plaintiff filed a cogent answer to the complaint and demonstrated that he understands the nature of the claims leveled against him in this litigation.

[4] Rule 56(c) of the Federal Rules of Civil Procedure, provides that summary judgment shall be granted:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. Celotex, 477 U.S. at 323. "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998-99 (11th Cir. 1992), cert. denied, 507 U.S. 911, 113 S. Ct. 1259, 122 L. Ed. 2d 657 (1993) (internal citations and quotations omitted). The mere existence of any factual dispute, however, will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. Lofton v. Sec'y of the Dep't of Children & Family Serv., 358 F.3d 804, 809 (11th Cir. 2004), cert. denied, 534 U.S. 1081, 125 S. Ct. 869, 160 L. Ed.2d 825 (2005).

III.    Analysis

Plaintiffs move for summary judgment against defendant Smith, on the grounds, in sum, that he is individually liable (under a veil piercing standard) for sums not paid by his company to the plaintiffs' pension plan fund. Smith has failed to file and opposition or to respond in any manner to the plaintiffs' motion for summary judgment.

Rule 56(e) of the Federal Rules of Civil Procedure provides that a party opposing

summary judgment must make an affirmative showing of facts sufficiently specific to defeat the motion.  Rule 56(e) provides, as follows:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. *If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.*

Fed. R. Civ. P. 56(e)(2) (emphasis added).  However, the Eleventh Circuit Court of Appeals has held that a "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." United States v. One Piece of Real Property, 363 F.3d 1099, 1101 (11th Cir. 2004); Trustees of Central Pension Fund v. Wolf Crane Service, Inc., 374 F.3d 1035, 1039 (11th Cir. 2004). At the very least, the Court must review all of the evidentiary materials submitted in support of the motion for summary judgment before concluding that there is no genuine issue of material fact and that summary judgment is appropriate.  United States v. One Piece of Real Property, 363 F. 3d at 1101-02; Wolf Crane Serv., Inc., 374 F.3d at 1039 (11th Cir. 2004).

Plaintiffs seek a declaration from the Court that Smith is the alter-ego of E.H. Smith Electrical Contractors, Inc., and that as such, he is individually liable for a judgment obtained against the corporation.  The Alabama Supreme Court has opined that the corporate veil may be pierced " where shareholders do not observe the corporate form, where the legal requirements of corporate law are not complied with, where the corporation maintains no corporate records, where the corporation maintains no corporate bank account, where the corporation has no employees, where the corporate and personal funds are intermingled and the corporate funds are used for personal purposes, or where an individual drains funds from the corporation." Simmons

4

v. Clark Equipment Credit Corp., 554 So.2d 398, 401 (Ala.1989).

"[A] corporation is a distinct and separate entity from the individuals who compose it as stockholders or who manage it as directors or officers." Nimbus Techs., Inc. v. Sunndata Prods., Inc., 484 F.3d 1305, (11th Cir.2007) (quoting Cohen v. Williams, 294 Ala.417, 318 So.2d 279, 281 (1975)).  As such, "[p]iercing the corporate veil is not a power that is lightly exercised." First Health, Inc. v. Blanton, 585 So.2d 1331, 1334 (Ala.1991); see also Perry v. Household Retail Servs., Inc., 953 F.Supp. 1378, 1381 (M.D.Ala.1996).   Simply because a party owns all or a majority of the stock of a corporation does not, of itself, destroy the separate corporate identity. Messick v. Moring, 514 So.2d 892 (Ala.1987); Forester & Jerue, Inc. v. Daniels, 409 So.2d 830 (Ala.1982).  Moreover, the fact that a corporation is under-capitalized is not alone sufficient to establish personal liability.  Co-Ex Plastics, Inc. v. AlaPak, Inc., 536 So. 2d 37 (Ala. 1988); East End Memorial Association v. Egerman,  514 So.2d  38 (Ala.1987).   Rather, in Alabama , in order to pierce the corporate veil, a plaintiff must show fraud in asserting the corporate existence or must show that recognition of the corporate existence will result in injustice or inequitable consequences. Econ Mktg., Inc. v. Leisure Am. Resorts, Inc., 664 So.2d 869, 870 (Ala.1994); Washburn v. Rabun, 487 So.2d 1361 (Ala.1986).  Also, "[a] separate corporate existence will not be recognized when a corporation is so organized and controlled and its business so conducted as to make it a mere instrumentality of another or the alter ego of the person owning and controlling it." Co-Ex Plastics, Inc., 514 So.2d at 38.

Plaintiffs have presented no evidence that Smith used corporate funds for personal use, or for that matter, that he drained the corporate funds.  Further, plaintiffs have failed to present sufficient evidence, to warrant summary judgment, that Smith failed to maintain a corporate

bank account or corporate records to the extent necessary to allow for piercing the corporate existence.  Rather, plaintiffs argue, generally, that the corporation was a "subterfuge" and that the shareholders failed to observe the corporate form.  Specifically, plaintiffs argue that after 1993, Smith continued to operate the business he formed with his father under a new name and used the corporate form to commit a fraud.  Plaintiffs point to Smith's donations to the corporation in the form of property, cash (from a life insurance policy) and a personal loan against property he owned to give money to the corporation.  These transactions, however, do not reflect that the corporate funds were used for personal purposes.  To the contrary, this influx of capital could be indicative of Smith attempting to keep a struggling corporation afloat.

E.H. Smith Electrical, Inc. is a closely-held corporation whose shareholders did not recognize certain corporate formalities.  While the corporation may have been operated in a less than idyllic manner with regard to the corporate formalities, the business practices identified by plaintiffs in their motion for summary judgment simply do not justify the imposition of personal liability against Smith, absent a sufficient showing that he had a fraudulent, illegal or improper purpose.  In the final analysis, plaintiffs have failed to present sufficient evidence that Smith is the alter-ego of the corporation such that he may be held liable for sums owed by E. H. Smith Electrical Contractors, Inc. to plaintiffs.  Accordingly, plaintiffs' motion for summary judgment is **DENIED.**

**DONE** and **ORDERED** this the 27th day of August 2008.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**